IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBIN HERZOG,**

      **Plaintiff,**

  v.                                    Civil Action 2:16-cv-244
                                          Judge James L. Graham
                                          Magistrate Judge Jolson

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

### REPORT AND RECOMMENDATION

On March 18, 2015, Plaintiff filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (Doc. 1). In *Adkins v. E.I. DuPont de Nemours Co.*, 335 U.S. 331 (1948), the Supreme Court set forth the legal standard applicable to a motion to proceed *in forma pauperis*. An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the Court's filing fee without depriving herself and her dependents of the "necessities of life." *Id*. at 339 (internal quotation marks omitted). Although the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x. 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the Court's filing fee will render the plaintiff unable to provide for herself and her dependents, the Court cannot grant her *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

In this case, although Plaintiff experiences a monthly deficit, she has assets in excess of $42,000.00. (Doc. 1 at 3). In light of those assets, it does not appear that paying the one-time filing fee of $400.00 would pose an undue hardship upon her, causing her to deprive herself of the necessities of life. *See, e.g.*, *Rabbitt v. Cornerstone Univ.*, No. 1:09-cv-1001, 2011 WL 4502898, at **1-2 (W.D. Mich. Aug. 30, 2011) (finding no undue hardship despite a monthly deficiency based on plaintiff's assets, including retirement accounts). In addition, Plaintiff has no dependents. (Doc. 1 at 2). Accordingly, it is RECOMMENDED that Plaintiff's motion for leave to proceed *in forma pauperis* be denied. (Doc. 1).

## Procedure on Objections

If Plaintiff objects to this Report and Recommendation relating to the motion to proceed *in forma pauperis*, she may, within fourteen days of the date of this Report, file written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection. The District Judge shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objection, the District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff is specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the

District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date:  March 24, 2016                                          /s/ Kimberly A. Jolson
                                                               KIMBERLY A. JOLSON
                                                               UNITED STATES MAGISTRATE JUDGE