IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robin Herzog,

    Plaintiff,

    v.                      Case No. 2:16-cv-244

Commissioner of
Social Security,

    Defendant.

## ORDER

Plaintiff Robin Herzog brings this action under 42 U.S.C. §§405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits. Plaintiff, who is now fifty-five years old, was employed at Honda for thirty years as an auto manufacturing coordinator. She left her employment in December of 2012 due to major depressive disorder and panic disorder with agoraphobia, as well as various physical conditions, including migraine headaches. In a decision dated August 1, 2014, the administrative law judge ("ALJ") found at step two of the five-step analysis required under the social security regulations that plaintiff had severe impairments consisting of depression, anxiety/panic disorder with agoraphobia, diverticulosis, gastritis, pelvic pain status post vaginal mesh placement, and migraines. PAGEID 68. The ALJ found that plaintiff's residual functional capacity ("RFC") would permit her to do light work, with further restrictions that

> the claimant is able to lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk 6 hours in an 8-hour workday; and sit 6 hours in an 8-hour workday. The claimant is limited to only occasional climbing of stairs

and no climbing of ladders.  She is limited to frequent, as opposed to constant, crawling.  She is limited to simple, routine tasks with only occasional interaction with the public, supervisors, and coworkers.

PAGEID 70.  After considering the testimony of a vocational expert, the ALJ decided that there were jobs which plaintiff could perform and that plaintiff was not disabled.  PAGEID 77-78.

This matter is before the court for consideration of defendant's June 12, 2017, objections to the May 31, 2017, report and recommendation of the magistrate judge recommending that the plaintiff's first assignment of error be sustained and that the case be remanded to the Commissioner for reconsideration of plaintiff's alleged fibromyalgia.  Plaintiff has filed a reply to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social

Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objection

Defendant objects to the magistrate judge's recommendation that this case be remanded to the Commissioner for further consideration of whether plaintiff's alleged fibromyalgia is a medically determinable impairment and a severe impairment. In her first assignment of error, plaintiff asserted that the ALJ erred in failing to classify her fibromyalgia as a severe medical impairment at step two of the five-step analysis required under 20 C.F.R. §404.1520(a)(4)(ii). Step two is the means by which the Commissioner screens out totally groundless claims, *see Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir. 1985), and is a "*de minimis* hurdle," *see Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir. 1988).[1] Plaintiff bears the burden at step two of

---

[1] Defendant argues that the failure to categorize fibromyalgia as a severe impairment was not prejudicial error because the ALJ found other severe impairments at step two. *See Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009)(where ALJ finds at least one severe impairment and considers all of claimant's impairments in the remaining steps of

3

proving the existence of a severe, medically determinable impairment. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

Consideration of whether a claimant's fibromyalgia qualifies as a medically determinable impairment, that is, one which can be the basis for a disability finding under 42 U.S.C. §423(d)(1)(A), is governed by SSR 12-2P, 2012 WL 3104869 (July 25, 2012). SSR 12-2P does not establish new law; rather, it "merely provides guidance on how to apply pre-existing rules when faced with a claimant asserting disability based on fibromyalgia." *Luukkonen v. Comm'r of Soc. Sec.*, 653 F. App'x 393, 399 (6th Cir. 2016). Therefore, case law which predates the ruling is still relevant.

Under SSR 12-2P, the ALJ cannot rely on a physician's diagnosis alone; rather, the evidence must document that the physician reviewed the person's medical history and conducted a physical exam. 2012 WL 3104869 at *2. To ensure that "there is sufficient objective evidence to support a finding that the person's impairment(s) so limits the person's functional abilities that it precludes him or her from performing any substantial gainful activity[,]" the ALJ must apply at least one of the following: (1) the 1990 American College of Rheumatology (ACR) Criteria for Classification of Fibromyalgia; or (2) the 2010 ACR Preliminary Diagnostic Criteria. 2012 WL 3104869 at *2. Under the 1990 ACR criteria, fibromyalgia may be found to constitute a

---

the disability determination, ALJ's failure to find additional severe impairments at step two does not constitute reversible error). However, this rule does not apply here, where the ALJ stated that fibromyalgia "has not been considered in the residual functional capacity assessment discussed below").

4

medically determinable impairment if the claimant has: (1) a history of widespread pain in all quadrants of the body for at least three months; (2) at least eleven positive tender points found bilaterally on the left and right sides of the body on physical examination; and (3) evidence that other disorders that could cause the symptoms were excluded.  2012 WL 3104869 at *2-*3. Under the 2010 ACR criteria, fibromyalgia is a medically determinable impairment where the following is shown: (1) a history of widespread pain; (2) repeated manifestations of six or more fibromyalgia symptoms or signs, such as fatigue, cognitive or memory problems, waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and (3) evidence that other disorders that could cause the symptoms were excluded.  2012 WL 3104869 at *3.

In challenging the ALJ's step two determination, plaintiff relied on the April 17, 2014, medical assessment completed by Delia Herzog, M.D., who has been plaintiff's primary care physician since August of 2006.  Dr. Herzog indicated that plaintiff could stand/walk for two hours and sit for three hours in an eight-hour work day, that she would have various other physical and environmental restrictions due to fibromyalgia and other physical and mental conditions, and that she was capable of working zero days.  PAGEID 725-28.  Plaintiff argued that Dr. Herzog's opinion supported a finding at step two that her fibromyalgia was a severe impairment, and that the ALJ's three reasons for giving this evaluation little weight were not valid.

The ALJ observed that Dr. Herzog's opinion was on a preprinted form, and concluded that the form was intended to further

5

plaintiff's litigation interests. PAGEID 74. The magistrate judge found that it was error for the ALJ to reject the opinion on this ground, citing a Ninth Circuit case. Doc. 19, p. 16. On this point, the court disagrees with the magistrate judge. Although there is no *per se* rule regarding this type of evidence, the Sixth Circuit has cast doubt on the usefulness of check-box forms where the physician fails to give any explanation for his or her findings. *See Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474-75 (6th Cir. 2016)(ALJ's erroneous consideration of treating physician's check-box analysis was harmless error where the form was unaccompanied by any explanation and was weak evidence at best that "meets our patently deficient standard"); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997)(treating physician's mere documentation of impairments was not sufficient to support his opinion that claimant could not perform past job). When asked to provide medical findings which supported her assessment of plaintiff's physical limitations, Dr. Herzog simply noted her diagnoses of fibromyalgia and other conditions, with no further explanation. Dr. Herzog's reasoning regarding plaintiff's functional limitations is not supplied in her treatment notes. The ALJ did not err in discounting Dr. Herzog's opinion on this ground.

The ALJ also commented that it was inconsistent for Dr. Herzog to state that plaintiff could work zero hours but could stand/walk for two hours and sit for three hours in an eight-hour day. PAGEID 74. Apparently the ALJ read the latter part of the evaluation as suggesting that plaintiff was capable of working at least five hours per day. Although this is a good example of how check-box forms can be a source of confusion, the court agrees with the

6

observation of the magistrate judge that Dr. Herzog's findings are not necessarily inconsistent. *See* Doc. 19, pp. 16-17. Plaintiff could be capable of standing/walking and sitting for five hours, yet still be unable to work due to her various impairments. Further, plaintiff's ability to stand/walk and sit for only a total of five hours in an eight-hour work day would preclude her from sustaining full-time employment, and therefore, for disability purposes, she could work zero hours.

Plaintiff also challenges the ALJ's decision to give Dr. Herzog's opinion less weight "because she based her opinion in part on the claimant's fibromyalgia, which is not medically determinable." PAGEID 74. The magistrate judge concluded that the ALJ's rejection of Dr. Herzog's diagnosis of fibromyalgia because Dr. Herzog diagnosed plaintiff with fibromyalgia was invalid circular reasoning. Doc. 19, p. 16. The ALJ's discussion of Dr. Herzog's opinion is included in his step four evaluation, where he was required to determine the impact of plaintiff's impairments on her ability to work. In that context, the statement makes sense. By step four, the ALJ had found that plaintiff's alleged fibromyalgia was not a medically determinable impairment, which meant that he was not required to consider it in making the RFC determination. However, the court agrees with the magistrate judge that the mere fact that Dr. Herzog diagnosed plaintiff as having fibromyalgia would not be a valid reason for discounting her opinion at step two of the evaluation in deciding whether plaintiff's fibromyalgia was a medically determinable impairment. In short, plaintiff's arguments concerning the ALJ's reasons for assigning Dr. Herzog's evaluation little weight are well taken in

7

part.

Defendant also argued that the ALJ's step two decision is supported by his findings regarding plaintiff's lack of credibility concerning the severity of her symptoms. At step four of the decisional process, the ALJ noted that plaintiff provided inconsistent statements concerning the frequency of her migraine headaches. PAGEID 71. The ALJ also found that plaintiff's allegations concerning her functional limitations were inconsistent with her daily activities and with objective medical evidence in the record. The ALJ did not expressly incorporate this analysis into his step two discussion, so it is not clear to what extent it may have influenced his step two decision. The possibility that it did is a cause for concern, as some of his stated reasons for discounting the severity of plaintiff's symptoms run counter to the nature of fibromyalgia.

The Sixth Circuit has noted that "unlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs." *Rogers*, 486 F.3d at 243. The ALJ noted records indicating that plaintiff had a normal range of motion and normal muscle strength. PAGEID 73. However, fibromyalgia patients demonstrate normal muscle strength and can have a full range of motion. *Minor v. Comm'r of Soc. Sec.*, 513 F. App'x 417, 434 (6th Cir. 2013). Evidence that plaintiff walks normally without the use of an assistive device, *see* PAGEID 71, while relevant to the degree of impairment, does not preclude a fibromyalgia diagnosis. The ALJ also noted plaintiff's daily activities, which included preparing simple meals, cleaning and doing laundry, watching television, walking, visiting her mother at

8

a retirement center, driving, reading and using the computer. However, as the Sixth Circuit has noted in cases involving similar activities, these daily functions are not comparable to typical work activities. *See Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 864 (6th Cir. 2011); *Rogers*, 486 F.3d at 248.

Defendant also contends that, regardless of whether the ALJ erred in his consideration of Dr. Herzog's opinion, he correctly found that the evidence in the record fails to satisfy the 1990 ACR criteria for finding that plaintiff's alleged fibromyalgia qualifies as a medically determinable impairment. In addition to evidence satisfying these criteria, SSR 12-2P also requires evidence that the physician reviewed the person's medical history and conducted a physical exam. SSR 12-2P, 2012 WL 3104869 at *2-*3.

Looking to the 1990 ACR diagnostic criteria, the court notes that plaintiff's medical records do document a long history of widespread pain. Although the ALJ stated that there was no evidence that other disorders that could cause the symptoms or signs of fibromyalgia were excluded, *see* PAGEID 68, that is not entirely accurate. For example, the ALJ himself noted that a 2013 cervical spine MRI was normal, *see* PAGEID 73, and that Dr. Richardson did not include arthritis as a diagnosis in her March 19. 2014, report, *see* PAGEID 74. As to the remaining factor in the 1990 ACR criteria, the ALJ correctly noted that there was no evidence of at least eleven positive tender points on physical examination.[2] The first fibromyalgia diagnosis in plaintiff's

---

[2] Plaintiff submitted additional evidence to the Appeals Council consisting of the May 21, 2014, report of Shereen Hashmi,

9

treatment records is found in Dr. Herzog's progress notes for February 19, 2014, which do not indicate whether Dr. Herzog conducted a physical exam. The record also includes the report of Jennifer Richardson, M.D., a rheumatologist who examined plaintiff on March 19, 2014. Exhibit 20F. Dr. Richardson diagnosed plaintiff with fibromyalgia, but stated that there was no pain on inspection.[3] Exhibit 20 F, pp. 7-8. The court agrees with defendant that the evidence in the record does not clearly indicate that the SSR 12-2P 1990 ACR criteria are satisfied in this case.

The next issue is whether the magistrate judge correctly concluded that remand was appropriate because the ALJ should have employed the mechanisms available for supplementing the record. Doc. 19, p. 19. SSR 12-2P states that "[i]n cases involving [fibromyalgia], as in any case, we will make every reasonable effort to obtain all available, relevant evidence to ensure

---

M.D., a rheumatologist, who diagnosed plaintiff as having fibromyalgia, noting "[f]ibromyalgia tender points." Exhibit 26F, PAGEID 768-69. Because this evidence was submitted to the Appeals Council after the ALJ's decision, it cannot be considered part of the record for purposes of determining whether the ALJ's decision is supported by substantial evidence. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). However, where new evidence is made a part of the record by the Appeals Council, it is appropriate for the ALJ to consider it when reevaluating evidence on remand. *Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254, 263 (6th Cir. 2015).

[3] This lack of positive tender points during Dr. Richardson's examination does not preclude a fibromyalgia diagnosis. SSR 12-2P recognizes that "the symptoms and signs of [fibromyalgia] may vary in severity over time and may even be absent on some days" and cautions that it is important that a medical source who conducts a consultative examination have access to longitudinal information about the claimant. SSR 12-2P, 2012 WL 3104869 at *5.

appropriate and thorough evaluation." SSR 12-2P, 2012 WL 3104869 at *3. The ruling further provides that when there is insufficient evidence to determine whether a person has fibromyalgia, the agency "may take one or more actions to try to resolve the insufficiency[,]" including contacting the treating physician and other medical sources to see if more information is available, requesting additional existing records, asking the claimant or others for more information, and purchasing a consultative examination. 2012 WL 3104869 at *4.

The court recognizes that the ruling is phrased in discretionary terms, and that the "ALJ has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary." *Foster*, 279 F.3d at 355. The ALJ had no "*special, heightened* duty to develop the record" in this case because plaintiff was represented by counsel. See *Nabours v. Comm'r of Soc. Sec.*, 50 F. App'x 272, 275 (6th Cir. 2002)(emphasis supplied). It is not error to fail to obtain additional evidence where the record contains a "considerable amount of evidence" pertaining to the claimant's limitations. *Culp v. Comm'r of Soc. Sec.*, 529 F. App'x 750, 751 (6th Cir. 2013). However, the ALJ has the ultimate responsibility to ensure that a claimant receives a full and fair hearing. *Richardson v. Perales*, 402 U.S. 389, 411 (1971). That responsibility includes a duty to fully and fairly develop the record. See *Johnson v. Sec'y of Health & Human Servs.*, 794 F.2d 1106, 1111 (6th Cir. 1986). The failure to exercise the discretion to obtain additional evidence when the record is inadequate is a ground for reversal. *Ward v. Comm'r of Soc. Sec.*, 198 F.Supp.3d 825, 830 (S.D. Ohio 2016).

The court agrees with the magistrate judge that the ALJ should have employed one or more of the options available under SSR 12-2P for supplementing the record, and that his failure to do so in this case was an abuse of discretion warranting remand. The court notes that although there is medical evidence in the record relating to plaintiff's treatment for her various symptoms, including pain, fatigue, depression, and anxiety disorder, which could be symptoms, signs, or co-occurring conditions of fibromyalgia, the fibromyalgia diagnosis was a fairly recent one. Dr. Herzog first recorded the fibromyalgia diagnosis in her February 19, 2014, treatment notes, and Dr. Richardson, a specialist in rheumatology, conducted a physical examination and diagnosed plaintiff with fibromyalgia on March 19, 2014. These records should have alerted the ALJ to the fact that plaintiff's physicians were just beginning to evaluate plaintiff's conditions through the lens of fibromyalgia. Plaintiff's physicians could have been contacted to flesh out the records concerning this new diagnosis, including information concerning the existence of positive tender points. On May 21, 2014, plaintiff was also diagnosed with fibromyalgia by Dr. Hashmi, who noted "[f]ibromyalgia tender points" upon physical examination. If the ALJ had asked plaintiff for additional records bearing on his step two analysis, plaintiff could have provided Dr. Hashmi's report, which was an "existing record" predating the ALJ's August 1, 2014, decision. *See* 2012 WL 3104869 at *4.

The court also notes that if the record does not include a report of tender-point testing, SSR 12-2P permits using the alternative factor in the 2010 criteria, that being the existence of repeated manifestations of six or more fibromyalgia symptoms,

signs, or co-occurring conditions. SSR 12-2P, 2012 WL 3104869 at *3, n. 6. The ALJ did not perform this alternative analysis under the 2010 criteria. The medical records indicate, at minimum, that plaintiff has suffered from fatigue, depression, and anxiety disorder, which could potentially qualify as co-occurring conditions in her case. The ALJ should have asked plaintiff and/or her physicians for additional information or for clarification of the existing records which may have assisted him in applying the alternative criteria.

The court concludes that this case should be remanded to the Commissioner so that additional evidence can be requested by and presented to the ALJ on the issue of whether plaintiff's alleged fibromyalgia is a medically determinable impairment, and, if it is, whether it is a severe impairment. In light of the remand recommendation based on the first assignment of error, the magistrate judge did not discuss plaintiff's other assignments of error. Because this case will be remanded, this court will not address the remaining claims of error. The court emphasizes that in remanding this case, it has made no ruling on the merits of whether plaintiff's fibromyalgia is a medically determinable impairment or a severe or nonsevere impairment. These issues are for the ALJ to decide on remand.

III. Conclusion

In accordance with the foregoing, the court adopts in part the magistrate judge's report and recommendation (Doc. 19). Pursuant to 42 U.S.C. §405, sentence four, the decision of the Commissioner is reversed, and this matter is remanded to the Commissioner. Upon remand, the ALJ shall solicit and receive additional evidence and

shall give further consideration to plaintiff's alleged fibromyalgia. The clerk shall enter final judgment remanding this case to the Commissioner.

It is so ordered.


Date: September 28, 2017     <u>     s/James L. Graham    </u>
James L. Graham
United States District Judge